*268 OPINION.
Milliken:
We are here concerned with the gain resulting from the admitted liquidation of a corporation, and the controversy in the computation of the gain relates only to the fair market value of *269 the assets received by petitioners in exchange for their stock in the corporation.
Counsel for the petitioners contend that, inasmuch as the liquidation was effected by exchanging stock of the petitioners for the assets of the corporation, there resulted a nontaxable distribution pursuant to the provisions of article 1566(c) of Regulations 45, promulgated April 17, 1919, by the respondent, and, inasmuch as the liquidation in question occurred at the time when the regulations of the respondent classified the distribution as nontaxable, the petitioners should not and can not be taxed pursuant to a changed interpretation as reflected in Treasury Decision No. 2924, September 26, 1919, wherein the provisions of article 1566(c) of Regulations 45, promulgated April 17, 1919, were revoked. The contention does not merit extended discussion. The Commissioner can not make or change the law by regulations and a regulation at variance with the import of the statute is of no effect. Appeal of William E. Scripps, 1 B. T. A. 491.
We have heretofore considered the status of a distribution such as is represented in the case at bar, and held that the exchange resulted in the realization of gain or loss and is governed by the provisions of section 201(c) of the Revenue Act of 1918. Appeal of E. C. Huffman, 1 B. T. A. 52; Appeal of F. D. Keim, 4 B. T. A. 1240.
The petitioners aver that the respondent erred in using the book value of the assets of the corporation as evidencing the fair market value of such assets received by them. Error is alleged as concerns the value of the inventory accounts and accounts receivable- on May 31, 1919. The evidence adduced at the trial of these cases convinces us that the fair market value of the inventory was only 75 per cent of the book value thereof on May 31, 1919, and the fair market value of the accounts and notes receivable was 60 per cent of their book value as of the date of dissolution, and the deficiencies in question will be recomputed accordingly.
Judgment will be entered on 15 days’ notice, wider Rule 50.